IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JOSEPH ALEXANDER,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          CV 126-023
                                     )
DAWN HILL-KEARSE and                 )
SERGIO JIMENEZ,                      )
                                     )
            Defendants.              )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On January 26, 2026, Plaintiff submitted an unsigned complaint, (doc. no. 1), in violation of Federal Rule of Civil Procedure 11 and Local Rule 11.1, which read together, require *pro se* litigants such as Plaintiff to personally sign each court filing. Upon opening the case, the Clerk of Court sent Plaintiff a deficiency notice regarding the missing signature, provided a copy of the signature page for Plaintiff to sign and return, and set a fourteen-day deadline for compliance. (See doc. no. 3.) The notice explained failure to correct the deficiency could result in dismissal. (See id.) Plaintiff failed to respond to the Clerk's deficiency notice, and in fact, the deficiency notice was returned as undeliverable because of an insufficient address. (See doc. no. 5, p. 11.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.,

556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff failed to comply with the requirements of the Federal Rules of Civil Procedure and Local Rules when he did not sign his complaint, and when given the opportunity to submit the appropriate paperwork, there was no response to the Clerk's deficiency notice because Plaintiff provided the Court with an insufficient address.  Plaintiff's failure to comply with the requirements of the Federal and Local Rules, and his failure to provide a valid address amounts not only to a failure to prosecute, but also an abandonment of his case.  Indeed, the failure to provide a valid address saddles the Court with a stagnant case in which no communication with Plaintiff seems possible.  This is precisely the type of neglect contemplated by the Local Rules.  Furthermore, as Plaintiff sought to proceed *in forma pauperis* and has paid no portion of the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

2

adjudication on the merits.[1]  See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Georgia State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of February, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).